IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRYAN RAFAEL RODRIGUEZ IZAGUIRRE, <br><br> Plaintiff, <br><br> vs. <br><br> U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, <br><br> Defendant. | 8:24CV417 <br><br> MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS |

*Pro se* plaintiff Bryan Rafael Rodriguez Izaguirre filed this action against defendant United States Department of Health and Human Services (US HHS). Filing 1. Izaguirre alleges violations of 18 U.S.C. §§ 1589–1595 and 18 U.S.C. § 2421A, federal statutes prohibiting forced labor and sex trafficking, arising from Izaguirre's claim that the US HHS sued him for child support for a child later proven not to be his biological child. Filing 1 at 3, 6. This case is now before the Court on the US HHS's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted, respectively. Filing 7. Izaguirre did not respond to the Motion to Dismiss. For the reasons stated below, this case is dismissed for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

## I. INTRODUCTION

### A. Factual Background

The Court understands US HHS to be making a factual challenge to the Court's subject-matter jurisdiction over Izaguirre's claim. Filing 9 at 3. Consequently, the Court may look

1

outside the pleadings for the factual background to this case. *See Hilger v. United States*, 87 F.4th 897, 899 (8th Cir. 2023).

> The basis for Izaguirre's claim appears to be the following allegations:
>
> • In July 2020, the U.S Department of Health and Human Services sued me for child support for the amount of $313.26 BIWEEKLY.
>
> • In January 2021, a police report was filled [sic] with the Los Angeles County Sheriff[']s Department, along with the report, a copy of a receipt from the Social Security Administration stating that my social security number was lost or stolen.
>
> • On December 2nd, 2021 it was proven by LabCorp, a DNA analysis company that the U.S Department of Health and Human Services along with the Orange County Superior Court utilized to determine the results of a paternity test [sic]. As the exhibit proves, the results determine that I am not the biological father.

Filing 1 at 6. Izaguirre offers in support of his claim among other things, "Rayanna L. Miller[']s Facebook posting where she demonstrated that she successfully was able to force me into labor and human traffic me, while being assisted with the U.S Department of Health and Human Services," presumably to obtain payment of child support. Filing 1 at 6; Filing 1 at 14–15, 22-23. In another attachment to his Complaint concerning Ms. Miller's Child Support Case, Izaguirre alleges that the child support case was closed on March 25, 2022, "due to lack of evidence to support [Miller's] claim against [Izaguirre], regarding the paternity of [Miller's] son." Filing 1 at 16.

Contrary to Izaguirre's allegations, the Notice of Wage Garnishment attached to his Complaint shows that the entity that garnished him for child support was "California State Disbursement Unit," not US HHS. Filing 1 at 7. Likewise, the Case Audit Report also attached to Izaguirre's Complaint identifies the "State of California – Health and Human Services Agency, Department of Child Support Services" as the agency seeking to recover child support payments

from Izaguirre. Filing 1 at 7–9. The Case Audit Report shows that child support was last charged in January 2022. Filing 1 at 9.

Izaguirre has also attached to his Complaint what he asserts is a "[c]opy of the U.S Department of Health and Human Services federal tort claim sent out on 4/24/2024." Filing 1 at 6. The copy of the tort claim bears no proof of mailing by Izaguirre or receipt by US HHS. Filing 1 at 26–28. Izaguirre also alleges, "In April 2024 a federal tort claim was filled [sic] with the U.S Department of Health and Human Services. The federal tort claim was without reply." Filing 1 at 6. Consequently, Izaguirre asserts that "all administrative remedies have been exhausted." Filing 1 at 6. However, US HHS has submitted in support of its Motion to Dismiss the Declaration of Karen Sicard, who is an Attorney in the General Law Division, Office of the General Counsel, US HHS. Filing 8-1 at 1 (¶ 1). She avers in most pertinent part,

> 4. I conducted a search of the computerized tracking system of administrative tort claims submitted for adjudication for evidence of an administrative tort claim filed by or on behalf of Bryan Rafael Rodriquez Izaguirre, the above-named Plaintiff.
>
> 5. Based on my search, the Department does not have any record of receiving an administrative tort claim filed by or on behalf of the Plaintiff.
>
> 6. Had the Department received an administrative claim from Bryan Rafael Rodriquez Izaguirre, the Department would have sent a letter of acknowledgement to Bryan Rafael Rodriquez Izaguirre notifying him of receipt of the claim.

Filing 8-1 at 1–2 (¶¶ 4–6).

### B. Procedural Background

Izaguirre filed his Complaint *pro se* on October 28, 2024, and paid the filing fee. Filing 1. He seeks "$369,888,000,000,000,000,000,000,000,000,000 (three hundred sixty-nine

3

decillion eight hundred eighty-eight nonillion dollars)" in damages against US HHS. Filing 1 at 4. The case was assigned to the undersigned on October 29, 2024. Filing 5.

The US HHS asserts that Izaguirre has failed to state a claim *inter alia* because he has not shown that a civil cause of action can be inferred under the "criminal" statutes he relies on—18 U.S.C. §§ 1589–1595 and 18 U.S.C. § 2421A. Filing 9 at 4. Although most of the statutes Izaguirre identifies establish federal crimes and penalties for forced labor and human trafficking, 18 U.S.C. § 1595 provides a civil remedy for an individual who is a victim of a violation of Chapter 77 of the United States Code prohibiting peonage, slavery, and trafficking in persons. *See* 18 U.S.C. § 1595(a).[1] The US HHS has made no argument that Izaguirre failed to state a claim for a civil remedy under § 1595.

The US HHS stands on better ground when it asserts that Izaguirre's claim must be liberally construed as a tort under the Federal Tort Claims Act (FTCA), specifically, 28 U.S.C. § 1346(b). Filing 9 at 4. Indeed, as the US HHS points out, Izaguirre alleges, "In April 2024 a federal tort claim was filled [sic] with the U.S Department of Health and Human Services." Filing 1 at 6. Thus, the Court construes Izaguirre's Complaint to assert a claim under the FTCA.

Although there is no return of an executed summons to the US HSS on the docket, the US HHS filed the Motion to Dismiss now before the Court on January 21, 2025. Filing 7.[2] As

---

[1] Specifically, § 1595(a) provides,

> An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees.

[2] The US HHS has not sought dismissal for lack of service of process pursuant to Federal Rule of Civil Procedure 12(b)(5).

mentioned above, Izaguirre has not responded to the US HHS's Motion nor has he filed anything else in this case since an amended civil cover sheet was filed on his behalf on November 19, 2024. Filing 6.

## II. LEGAL ANALYSIS

### A. The Effect of Izaguirre's Failure to Respond

The first matter the Court must assess in its analysis of the US HHS's Motion is the impact of Izaguirre's failure to respond to that Motion. Under the applicable local rule, "Failure to file an opposing brief is not considered a confession of a motion but precludes the opposing party from contesting the moving party's statement of facts." NECivR 7.1(b)(1)(C). Thus, Izaguirre's failure to respond notwithstanding, the Court must consider the merits of the US HHS's Motion. On the other hand, Izaguirre is precluded from contesting the US HHS's statement of facts in support of its Motion.

### B. Subject-Matter Jurisdiction

The US HHS has moved to dismiss both for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6). If the Court does not have subject-matter jurisdiction over Izaguirre's claims, then the Court need not determine whether Izaguirre has failed to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Sianis v. Jensen*, 294 F.3d 994, 997 (8th Cir. 2002) ("Subject matter jurisdiction is a threshold matter that [courts] are obligated to address at the outset."); *see also Oglala Sioux Tribe v. Fleming*, 904 F.3d 603, 609 (8th Cir. 2018) (explaining that a court "ha[s] an independent obligation to determine whether subject-matter jurisdiction exists before proceeding to the merits" ).

1.  *Rule 12(b)(1) Standards*

Federal Rule of Civil Procedure 12(b)(1) provides for a pre-answer motion to dismiss for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "The plaintiff bears the burden of establishing subject matter jurisdiction." *Hilger v. United States*, 87 F.4th 897, 899 (8th Cir. 2023) (citing *Herden v. United States*, 726 F.3d 1042, 1046 (8th Cir. 2013) (en banc)). "When considering a motion under Rule 12(b)(1), a court is to consider whether a party is asserting a 'facial attack' or a 'factual attack' on jurisdiction." *Smith v. UnitedHealth Grp. Inc.*, 106 F.4th 809, 813 (8th Cir. 2024) (citing *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016)). "The method in which the district court resolves a Rule 12(b)(1) motion . . . obliges [the Circuit Court of Appeals] to follow the same approach." *Animal Legal Def. Fund v. Reynolds*, 89 F.4th 1071, 1077 (8th Cir. 2024) (quoting *Carlsen*, 833 F.3d at 908). "If [a Rule 12(b)(1) motion] is a facial attack, the court looks only at the pleadings and gives the non-moving party the same protections available under Rule 12(b)(6)." *Smith*, 106 F.4th at 813. On the other hand,

> "When the moving party makes a factual attack on the court's subject-matter jurisdiction, . . . the district court may look outside the pleadings and weigh evidence." *Two Eagle [v. United States]*, 57 F.4th [616,] 620 [(8th Cir. 2023)]. "We review the district court's resolution of factual disputes for clear error and its decision on whether it lacks subject-matter jurisdiction de novo." *Id.*

*Hilger*, 87 F.4th at 899. Here, the US HHS makes clear that it is mounting a factual challenge to subject-matter jurisdiction, Filing 9 at 3, and the US HHS has invited the Court to consider the Declaration of Ms. Sicard, which is outside of the pleadings. Filing 9 at 2, 7 (citing both times Filing 8-1 at 2).

The US HHS's argument that the Court lacks subject-matter jurisdiction over Izaguirre's claims has two prongs: (1) Izaguirre's claims are barred by the statute of limitations; and (2)

Izaguirre cannot prove that he presented an administrative claim to the US HHS. The Court will consider these two prongs in turn.

### 2. Izaguirre's Claim under the Federal Tort Claims Act Is Time-Barred

The US HHS argues that a claim under the FTCA against the United States is barred unless it is presented to the appropriate agency within two years after it accrues. Filing 9 at 5 (citing 28 U.S.C. § 2401). The US HHS argues that compliance with the two-year limitation period is a jurisdictional prerequisite to filing suit. Filing 9 at 5–6. The US HHS argues that even using the last possible date for accrual of Izaguirre's claim—March 25, 2022, when the child support case was closed—Izaguirre had until March 25, 2024, but he allegedly filed his tort claim with the agency on April 24, 2024, nearly a month late. Filing 9 at 6. The Court agrees.

"A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." *Wilcox v. United States*, 881 F.3d 667, 671–72 (8th Cir. 2018) (quoting 28 U.S.C. § 2401(b)). "A plaintiff's compliance with the two-year limitations period is a jurisdictional prerequisite, since the FTCA acts as a waiver of the federal government's sovereign immunity." *McCoy v. United States*, 264 F.3d 792, 794 (8th Cir. 2001) (citing *Walker v. United States*, 176 F.3d 437, 438 (8th Cir. 1999)). Assuming for the sake of argument that Izaguirre presented his federal tort claim to the US HHS on April 24, 2024, as he alleges, Filing 1 at 6—and assuming further that the US HHS is the appropriate agency, which the US HHS disputes, Filing 9 at 6—Izaguirre did so too late. "Under the FTCA, a cause of action generally accrues when the plaintiff is injured, 'but might not accrue until the plaintiff knows or reasonably should know of both an injury's existence and its cause.'" *Flores v. United States*, 689 F.3d 894, 901 (8th Cir. 2012) (quoting

7

*Garza v. United States Bureau of Prisons*, 284 F.3d 930, 934 (8th Cir.2002)). Izaguirre reasonably should have known of both the injury's existence and its cause at the latest on March 25, 2022, when he alleges that the child support case was closed "due to lack of evidence to support [Miller's] claim against [him]." *See* Filing 1 at 16. He alleges that his federal tort claim was presented to the US HHS on April 24, 2024, Filing 1 at 6, nearly a month after his two-year limitation period expired on March 25, 2024.

Thus, Izaguirre's Complaint is subject to dismissal for lack of subject-matter jurisdiction because his federal tort claim was untimely filed with the agency. *McCoy*, 264 F.3d at 794.

   3.  *Izaguirre Cannot Prove Presentment of His Claim to the US HHS*

Notwithstanding that the conclusion above is dispositive of the US HHS's Motion, the Court will consider in the alternative whether subject-matter jurisdiction is also lacking because Izaguirre cannot prove that he presented an administrative claim to the US HHS, as the US HHS also argues. Filing 9 at 6. The US HHS argues that presentment of the claim to the department to fulfill administrative exhaustion requirements is a jurisdictional precondition to suit under the FTCA. Filing 9 at 6. The US HHS argues that proof that the claim was sent to the agency is not enough; rather, the plaintiff must prove receipt of the claim by the agency, such as by return receipt for certified or registered mail. Filing 9 at 7. Here, the US HHS argues, Izaguirre has no proof of either sending his claim or its receipt by US HHS, while the US HHS has presented the Declaration of Ms. Sicard demonstrating that no such claim was ever received by the US HHS. Filing 9 at 7. Again, the Court agrees.

   The Eighth Circuit Court of Appeals has explained,

   The text of the FTCA unambiguously commands that a plaintiff must administratively exhaust her remedies before filing suit in federal court. *See*

> *McNeil v. United States*, 508 U.S. 106, 111, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing ...."). This presentment requirement, along with agencies' broad settlement authority, *see Mader [v. United States]*, 654 F.3d [794,] 797 [(8th Cir. 2011) (en banc)], encourages the prompt consideration and settlement of meritorious FTCA claims without "expensive and time-consuming litigation." *McNeil*, 508 U.S. at 112 n.7, 113 S.Ct. 1980 (quoting S. Rep. No. 89-1327, at 3 (1966)). Furthermore, we have recognized that presentment "is a jurisdictional prerequisite to filing an FTCA action in federal court." *Rollo-Carlson [ex rel. Flackus-Carlson v. United States]*, 971 F.3d [768,] 770 [(8th Cir. 2020)]; *see also Mader*, 654 F.3d at 802, 808 (affirming dismissal for lack of subject-matter jurisdiction where plaintiff failed to administratively exhaust her FTCA claim).

*King v. United States*, 3 F.4th 996, 999 (8th Cir. 2021). The requirements for presentment include receipt of the claim from the claimant. *A.M.L. by & through Losie v. United States*, 61 F.4th 561, 564 (8th Cir. 2023) (citing 28 C.F.R. § 14.2(a)); *see also Mader*, 654 F.3d at 804 n.9 ("[T]he Attorney General's regulation [28 C.F.R. § 14.2(a)] is merely a paraphrase of the inherent statutory elements of claim presentation.").

Proof of receipt of the administrative claim can be established for example by sending it by certified mail with proof of delivery. *See Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993). However, in *Bellecourt*, where it was undisputed that the claimant did not send his request for administrative remedy by certified mail and there was no other evidence that it was ever received by the agency, the Eighth Circuit held that the district court did not clearly err in finding that the presentment requirement was not met. *Id.* Here, there is no evidence in the Complaint or in the materials attached to it—such as a certified mail receipt and delivery confirmation—that Izaguirre actually sent his federal tort claim to the US HHS and that it was actually received by that agency. Furthermore, although there is a presumption that mail is delivered and received, that presumption can be rebutted by evidence of non-receipt. *Id.* The US

9

HHS has overcome any presumption by submitting the Declaration of Ms. Sicard showing that a search of records shows no claim from Izaguirre was received. *Id.* Izaguirre's failure to respond to the Motion to Dismiss deprives him of the opportunity to dispute those facts. NECivR 7.1(b)(1)(C). On a factual attack of subject-matter jurisdiction, the Court is entitled to weigh the evidence, *Hilger*, 87 F.4th at 899, and the Court finds that Izaguirre's federal tort claim was never received by the agency.

Thus, this Court also lacks subject-matter jurisdiction over Izaguirre's FTCA claim because he failed to exhaust administrative remedies by presenting his claim to the agency and proving that the claim was received.

### III. CONCLUSION

The Court concludes that it lacks subject-matter jurisdiction over Izaguirre's claim, so that Izaguirre's Complaint is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1). That conclusion makes it unnecessary—indeed, inappropriate—for the Court to consider the US HHS's further arguments for dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Accordingly,

IT IS ORDERED that the US HHS's Motion to Dismiss, Filing 7, is granted for lack of subject-matter jurisdiction, and this case is dismissed.

Dated this 27th day of February, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge